To the Honorable the House of Representatives of the General Assembly of the State of Rhode Island:
We have received from your honorable body a resolution requesting our opinion on a question stated therein as follows: *Page 580 
"Would the provisions of the act hereunto annexed be constitutional, if said act were passed by the General Assembly, in so far as they would restrict the power of the legal voter of the town of Cumberland, qualified to vote for town councilmen, to vote but for one person for said office?"
That part of the act referred to in said resolution is as follows:
"An act to enable the town of Cumberland to elect the town council by proportional representation.
It is enacted by the General Assembly as follows:
SECTION 1. The members of the town council of the town of Cumberland shall be elected upon a general ticket for the entire town, and the names shall not be numbered upon the ballots, and one person only shall be voted for by any one elector.
SECTION 2. In counting said ballots the five candidates receiving the highest number of votes shall be declared elected."
We are of opinion that such an act would not be constitutional. Section 1 of article 2 of the constitution confers upon the persons possessing the qualifications therein specified the right to vote in the election of all civil officers, and on all questions in all legal town or ward meetings, and section 1 of article 7 of the amendments to the constitution also confers upon all persons who shall be qualified in accordance with the provisions thereof the right to vote in the election of all civil officers, and on all questions in all legally organized town or ward meetings, with the exception that no person therein mentioned shall be allowed to vote in the election of the city council of any city, or upon any proposition to impose a tax or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein valued at least at one hundred and thirty-four dollars. It will be readily seen, therefore, that such an act as the one proposed would materially *Page 581 
restrict the right to vote thus conferred upon electors, and hence would be clearly unconstitutional.
 CHARLES MATTESON, JOHN H. STINESS, PARDON E. TILLINGHAST, GEORGE A. WILBUR, HORATIO ROGERS, WILLIAM W. DOUGLAS, BENJAMIN M. BOSWORTH.
The following opinion was delivered to the governor January 21, 1899, in the matter of